IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Candis Leann Aubrey, | Civil Action No. 2:17-656-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| McCabe Trotter & Beverly, P.C., | |
| Defendant. | |

This matter is before the Court on Crowfield Plantation Community Services Association, Inc.'s ("Crowfield") motion to intervene. For the reasons set forth below, the Court grants the motion.

## I. Background

Plaintiff Candis Aubrey owns a home in the Crowfield Development in Goose Creek, South Carolina. Her property is subject to recorded declarations of covenants, conditions, and restrictions that require her to pay annual assessments to Crowfield and to pay assessed fines for violations of use restrictions. Crowfield retained Defendant McCabe Trotter & Beverly, P.C. ("MTB") to collect past due assessments. MTB filed a foreclosure complaint against Plaintiff in the Berkley County Court of Common Pleas on January 25, 2016, alleging Plaintiff owed assessments, fines, and other charges under the covenants and Crowfield governing documents.

Ms. Aubrey filed the present action on January 12, 2017 in the Berkley County Court of Common Pleas, asserting MTB's debt collection efforts violated the federal Fair Debt Collections Act ("FDCPA"), 15 U.S.C. 1692. In her motion for summary judgment and opposition to MTB's motion for summary judgment, Plaintiff asserts the debt collection efforts were illegal for several reasons, including, *inter alia*, (1) the relevant documents do not authorize attorney's fees prior to

a judgment, (2) the relevant documents do not authorize a lien for fines, and (3) the Crowfield board failed to follow required procedure when impose fines. On June 13, 2018, non-party Crowfield filed a brief opposing Plaintiff's motion for summary judgment and supporting MTB's motion for summary judgment. (Dkt. No. 33.) Plaintiff moved to strike as Crowfield is not a party to this action and had previously appeared only to litigate a subpoena served on Crowfield by Plaintiff. The Court ordered that Crowfield must move to intervene if it wishes to file briefs on dispositive motions. Crowfield has now so moved and Plaintiff has filed her opposition to intervention.

## II. **Legal Standard**

Rule 24 of the Federal Rules of Civil Procedure provides for two types of intervention. "Intervention of Right" requires the court to permit anyone to intervene upon timely motion who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Thus, to intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 937 (D. Md. 2004). Failure to satisfy even one of these requirements is sufficient to warrant denial of a motion for leave to intervene as a matter of right. *See NAACP v. New York*, 413 U.S. 345, 369 (1973).

"Permissive Intervention," on the other hand, allows the court, in its discretion, to permit anyone to intervene upon timely motion who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising discretion under Rule 24(b), "the court shall consider whether the intervention will unduly delay or prejudice the application of the rights of the original parties." Fed. R. Civ. P. 24(b)(3).

Intervention may be limited to certain purposes. *See Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n*, 646 F.2d 117, 122 (4th Cir. 1981) ("Even intervention of right may properly be made conditional by the exigencies of the particular case."); *see also, e.g., Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988) (permitting intervention for the limited purpose of challenging a sealing order); *Diagnostic Devices, Inc. v. Taidoc Tech. Corp.*, 257 F.R.D. 96, 98 (W.D.N.C. 2009) (permitting intervention for the limited purpose of opposing a motion for temporary restraining order).

A motion to intervene must be accompanied by a proposed pleading that sets out the claim or defense for which intervention is sought. Fed. R. Civ. P. 24(c). Courts however may decline to require strict compliance with Rule 24(c) where the intervention is for a limited purpose fully set forth in motion memoranda. *E.g., Sch. Bd. of City of Newport News v. T.R. Driscoll, Inc.*, No. 4:11CV79, 2011 WL 3809216, at *3 n.2 (E.D. Va. July 29, 2011), *report and recommendation adopted*, No. 4:11CV79, 2011 WL 3702421 (E.D. Va. Aug. 22, 2011); *Diagnostic Devices*, 257 F.R.D. at 101.

### III. Discussion

Intervention of right requires (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion for leave to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately

represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Crowfield argues it satisfies those requirements. The Court agrees.

Plaintiff seeks, among other things, a judicial determination of Crowfield rights has under its governing documents and community property covenants. Crowfield's interest in that subject is obvious. Crowfield's ability to protect its interest plainly would be impaired if the Court denied Crowfield an opportunity to respond to Plaintiff's assertions. Crowfield's interest is not adequately represented by a law firm defendant hired merely as its debt collector. "A presumption of adequacy arises when the applicant and an existing party have the same interest or ultimate objectives in the litigation." *Nish & Goodwill Servs., Inc. v. Cohen*, 191 F.R.D. 94, 97 (E.D. Va. 2000). Crowfield's interest in the rights and duties created under its own governing documents is not identical with MTB's interest in defending itself from an FDCPA claim.

Plaintiff does not argue against the above. Plaintiff instead argues the intervention is untimely and will cause delay prejudicial to Plaintiff. The sole issue then is whether the motion to intervene is timely. "Rule 24 is silent as to what constitutes a timely application and the question must therefore be answered in each case by the exercise of the sound discretion of the court." *Black v. Cent. Motor Lines, Inc.*, 500 F.2d 407, 408 (4th Cir. 1974). Crowfield argues its motion to intervene is timely because it was filed at the same time as MTB's timely reply to Plaintiff's opposition to MTB's motion for summary judgment. Plaintiff argues the motion to intervene is not timely because it has been filed after the close of discovery and the filing of dispositive motions, even though Crowfield was put on notice of this litigation no later than the September 1, 2017 service of Plaintiff's subpoena on Crowfield.

Certainly, it might be problematic if Crowfield now were to move to reopen discovery or to file new pleadings. "Generally speaking, an intervenor is held to take the case as he finds it. . . ."

*Newport News Shipbuilding & Drydock*, 646 F.2d at 122. But Crowfield moves to intervene only for the limited purpose of supporting MTB's motion for summary judgment and opposing Plaintiff's motion for summary judgment. (*See* Dkt. No. 36 at 1, 5.) The Court finds a motion for intervention for that limited purpose is timely when filed within the deadlines for briefing those summary judgment motions.

Plaintiff argues that if intervention is granted, "discovery would need to reopen and Crowfield would need to provide answers to discovery, identify witnesses and allow depositions of its witnesses, etc." (Dkt. No. 37 at 6.) That argument is without merit because Crowfield's intervention is for the limited purpose of briefing currently pending motions for summary judgment. Crowfield's brief attaches no documents other than an "Amendment to Declaration of Covenants, Conditions, Restrictions, Charges, and Liens for Crowfield Plantation Community and Supplementary Declarations Thereto." (Dkt. No. 33-1.) The Court is confident Plaintiff has had the benefit of full discovery of Crowfield's covenants and amendments thereto. Further, Plaintiff has deposed Crowfield's Rule 30(b)(6) representative. The Court thus sees no reason why Plaintiff should need further discovery to respond to Crowfield's brief.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Crowfield's motion to intervene (Dkt. No. 36). The Court **FURTHER ORDERS** that Crowfield's intervention is limited to briefing motions for summary judgment filed by Plaintiff and Defendant. Plaintiff's motion to strike (Dkt. No. 34) is **DENIED**. Plaintiff may respond to Crowfield's response in opposition to Plaintiff's motion for summary judgment (Dkt. No. 33) by **July 9, 2017**. No other briefing may be filed without leave of the Court.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 26, 2018
Charleston, South Carolina